UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JORGE ALVAREZ-CONTRERAS,<br><br>　　　　Defendant. | No. CR-05-2015-FVS<br><br>FINDINGS, CONCLUSIONS, AND ORDER |

**THE DEFENDANT** appeared before the Court for sentencing on August 11, 2005. He was represented by Anne Walstrom; the government by Jane Kirk. This document serves to memorialize the Court's oral findings and conclusions.

**FINDINGS**

Except as otherwise indicated at the defendant's sentencing hearing, the Court adopts the findings of fact that are set forth in the Presentence Investigation Report.

**GUIDELINE CALCULATIONS**

A. Specific Offense Characteristic

During 1998, the defendant was convicted in the State of California of First Degree Residential Burglary as defined by California Penal Code § 459. The parties disagree with respect to whether this conviction constitutes a "burglary of a dwelling" and, thus, a "crime of violence" within the meaning of the Sentencing Guidelines.

FINDINGS AND CONCLUSIONS - 1

There are two potentially appropriate methods by which the Court may determine whether the defendant's prior conviction constitutes burglary of a dwelling.  *United States v. Wenner*, 351 F.3d 969, 972 (9th Cir.2003).  The first approach typically is referred to as the "categorical approach."  *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 2160, 109 L.Ed.2d 607 (1990).  Under this approach, the Court must determine whether the Guidelines' definition of the term "burglary" is narrower, congruent with, or broader than the State of California's definition.

In *Taylor*, the Supreme Court adopted a widely-accepted, contemporary definition of the term "burglary" in order to resolve an issue of statutory construction.  495 U.S. at 598, 110 S.Ct. at 2158. At the very least, said the Supreme Court, a burglary involves an unlawful entry into a building or structure with the intent to commit a crime.  *Id.*  This is the definition upon which the Ninth Circuit relied to define the term "burglary of a dwelling" as used in the Sentencing Guidelines.  *Wenner*, 351 F.3d at 972-3.  However, not every "generic" burglary triggers an enhancement under U.S.S.G. § 2L1.2(b)(1).  Only a burglary of a dwelling serves as a predicate offense.  *United States v. Rodriguez-Rodriguez*, 393 F.3d 849, 852 (9th Cir.2005) (citing *Wenner*, 351 F.3d at 973).  This crime has three elements:

    1. an unlawful or unprivileged entry into, or remaining in,

    2. a building that constitutes a dwelling,

    3. with the intent to commit a crime.

*Rodriguez-Rodriguez*, 393 F.3d at 852 (citing *Taylor*, 495 U.S. at 598, 110 S.Ct. at 2158; *Wenner*, 351 F.3d at 973).

The Guidelines' definition of burglary is narrower than the

FINDINGS AND CONCLUSIONS - 2

definition of burglary to which the defendant pleaded guilty in state court, *i.e.*, § 459 of the California Penal Code. *United States v. Smith*, 390 F.3d 661, 664 (9th Cir.2004), *as amended* 405 F.3d 726 (9th Cir.2005). As a result, conduct which may constitute burglary under § 459 may not constitute the burglary of a dwelling under the Guidelines. Thus, under the categorical approach, the Court cannot be certain the defendant committed a burglary of a dwelling when he admitted a violation of § 459.

Given the uncertainty, the Court must consider a second approach. In the Ninth Circuit, it is referred to as the "modified categorical approach." *United States v. Corona-Sanchez*, 291 F.3d 1201, 1211 (9th Cir.2002) (en banc). Under this approach, the Court must determine whether the defendant admitted facts in state court that constitute burglary of a dwelling under the Sentencing Guidelines.

The government has submitted a number of documents for the Court's consideration. However, review is limited to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard v. United States*, 544 U.S. ----, ----, 125 S.Ct. 1254, 1263, 161 L.Ed.2d 205 (2005). Consequently, the Court has focused upon the "Felony Complaint," the "Judgment Proceedings," and the "Abstract of Judgment." *Cf. United States v. Velasco-Medina*, 305 F.3d 839, 852 (9th Cir.2002) ("Velasco-Medina's Abstract of Judgment demonstrates that he pleaded guilty to second degree burglary as charged in his Information."). Read together, the three documents listed above indicate that the

FINDINGS AND CONCLUSIONS - 3

defendant made the following admissions when he pleaded guilty in state court:

    1. he unlawfully entered

    2. an inhabited dwelling house (also described as the inhabited portion of a building occupied by John Camarillo),

    3. with the intent to commit larceny.

(Felony Complaint, at 1.)

While the defendant acknowledges the allegations contained in the Felony Complaint, including the one that he entered an inhabited dwelling house, he argues the Guidelines' definition of the word "dwelling" is narrower than California's definition. Under the Guidelines, says the defendant, the word "dwelling" refers only to the "living space of a home." According to him, state law is much broader. He submits that, in California, sections of a building that are not used as "living space" -- a partially open carport, for example -- may be treated as part of an inhabited dwelling house. That being the case, says the defendant, the Court cannot be sure the allegations contained in the Felony Complaint constitute burglary of a dwelling under the Guidelines.

The defendant's argument depends upon a narrow definition of the word "dwelling." This approach to Guidelines interpretation is inconsistent with *Wenner*. In that case, the Ninth Circuit drew upon *Taylor*'s generic definition of the term "burglary." 351 F.3d at 973. By doing so, the circuit court implicitly endorsed the use of widely-accepted, contemporary definitions in situations such as this. It makes no sense to define the word "burglary" in a broad manner, as the Ninth Circuit did in *Wenner*, and then define the word "dwelling"

FINDINGS AND CONCLUSIONS - 4

in the narrow manner proposed by the defendant. The Court declines to do so. Instead, the Court assumes the word "dwelling" means essentially the same thing under both the Sentencing Guidelines and § 459 of the California Penal Code.

The defendant admitted in state court that he unlawfully entered an inhabited dwelling house, which he acknowledged was the inhabited portion of a building occupied by John Camarillo, with the intent to commit larceny. Under the modified categorical approach, these admissions are sufficient to establish that the crime to which he pleaded guilty constitutes burglary of a dwelling within the meaning of the Sentencing Guidelines.

While not compelled by *Wenner*, this conclusion is supported by that case. As the Ninth Circuit observed, Mr. Wenner had been charged in state court "with 'enter[ing] or remain[ing] unlawfully in a dwelling other than a vehicle, the residence of Mike Jewell." 351 F.3d at 974. The government cited this language in an effort to establish, under the modified categorical approach, that he committed the burglary of a dwelling. The circuit court did not disagree with the proposition that the quoted language would have been sufficient, had it constituted an admission on Mr. Wenner's part, to qualify his prior conviction as a predicate offense. However, the government failed to prove Mr. Wenner ever admitted the allegation quoted above. *Id.* Here, by contrast, the government has provided documentation sufficient to establish that the defendant admitted the allegations set forth in the Felony Complaint. Furthermore, the allegations that the defendant has admitted are at least as sweeping, and arguably more so, than the allegations quoted in *Wenner*. Thus, the Court is satisfied that the defendant's 1998 burglary conviction qualifies as

FINDINGS AND CONCLUSIONS - 5

a crime of violence.  Sixteen levels are added to his base offense level.  U.S.S.G. § 2L1.2(b)(1)(A).

*B. Departure*

The Court departs downward by two levels based upon cultural assimilation.  Although the Court is mindful that it has discretion to depart downward based upon the other grounds advanced by the defendant, the Court declines to do so.

*C. Advisory Guideline Range*

The defendant's post-departure offense level is 19.  He falls within Criminal History Category V.  His advisory Guideline Range is 57-71 months imprisonment.

**IMPOSITION OF A SENTENCE**

The Court has reviewed the factors set forth in 18 U.S.C. § 3553(a).  Having done so, the Court is satisfied that a sentence of 57 months imprisonment is sufficient, but not greater than necessary, to fulfill the objectives listed in § 3553(a)(2).

**IT IS HEREBY ORDERED:**

The defendant's motion to depart (**Ct. Rec. 35**) is granted to the extent indicated above.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this document and furnish copies to counsel.

**DATED** this ___22nd___ day of August, 2005.

                          s/ Fred Van Sickle
                            Fred Van Sickle
                    United States District Judge